ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Feb-07  14:54:06
60CV-23-943
C06D04 : 9 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION
CIVIL

**CANDY ROCHELLE THOMAS**                                               **PLAINTIFF**

V.                                               NO.

**LITTLE ROCK HOUSING AUTHORITY**
**d/b/a CENTRAL ARKANSAS HOUSING CORPORATION**         **DEFENDANT**

## COMPLAINT

COMES NOW Plaintiff, Candy Rochelle Thomas ("Plaintiff"), by and through her attorney Danny R. Williams, and for her complaint against Defendant Little Rock Housing Authority d/b/a Central Arkansas Housing Corporation ("CAHC"), and states:

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991), which is codified at 28 U.S.C.S. § 1658), to recover damages against the defendant for the unlawful employment practices that the Plaintiff, Candy Rochelle Thomas, has been subjected to on account of her gender and in retaliation for complaining about discriminatory treatment. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other relations between the parties. The Plaintiff is also seeking equitable and injunctive relief.

### I. Jurisidiction

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. § 1981 1981 (as amended by the Civil Rights Act of 1991), which is codified at 28 U.S.C.S. § 1658).

2. The Complaint alleges unlawful employment practices which were committed in the State of Arkansas, Pulaski County, Arkansas, in violation of the common law of the State of Arkansas, and are part of the same case or controversy and arise out of the same nucleus of operative facts as the federal questions raised herein. This court therefore has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391.

## II.   Parties

3. The plaintiff is an African American female and is a citizen of the United States of America.

4. Little Rock Housing Authority, d/b/a Central Arkansas Housing Corporation (CAHC) is a non-profit corporation, that is organized under the laws of the State of Arkansas, and operates as a public housing agency, with its principal place of business in Little Rock, Arkansas.

5. CAHC's address is 100 Arch Street, Little Rock, Arkansas 72201.

6. CAHC is an employer within the meaning of 42 U.S.C. § 2000E (b), (g) and (h).

## III.   Facts

7. Plaintiff, Candy Thomas (hereinafter "Thomas") is a former employee of CAHC who was subjected to disparate treatment because of her gender, and retaliation by the defendant.

8. Thomas was hired April 26, 2016 by Little Rock Housing Authority and she worked for Little Rock Housing Authority doing business as Metropolitan Housing Alliance until September 1, 2021.

9. On September 1, 2021, Plaintiff was promoted to regional property manage of Little Rock Housing Authority doing business under the new name "Central Arkansas Housing Corporation.
10. When Plaintiff was promoted to regional property manager, she received a salary increase in the amount of $20,000.00
11. CAHC had 3 regional property managers at that time, Plaintiff, Melvin Ousely and Lavander Williams.
12. Plaintiff was designated as "inside" while Ousley was deemed "outside"
13. During the course of her employment with CAHC, Plaintiff did not ever receive any type of progressive discipline.
14. Plaintiff did not actually report to a supervisor.
15. Plaintiff reported directly to the Executive Director of CAHC, Leta Anthony
16. Plaintiff has never been terminated or disciplined at any other job.
17. Beginning in November 2021, the Executive Director of CAHC, Leta Anthony started accusing the Plaintiff of "talking to much" and "not minding her own business" when the Plaintiff questioned the manner in which CAHC went about purchasing three new vehicles for the CAHC maintenance department.
18. Plaintiff raised issues about the purchases including, the CACH did not solicit competitive bids from vendors, the Board of Directors had not approve the purchases, and Plaintiff was still being denied access to a company work vehicle and gas card in the performance of her duties. Plaintiff the only female property manager, was the only manager required to use her own car and to pay for her own gas while travelling between CAHC properties in performance of her duties.

19. Plaintiff held the purchase process up by delaying in submitting a request for payment for the vehicles until the requisite bids had been received.

20. The Executive Director of CAHC, Leta Anthony became enraged at the Plaintiff, warned the Plaintiff and told the Plaintiff, " I run this shit, you need to stay in your place and mind your business." Anthony ultimately requested the disbursement herself by calling the finance director, Tamera Dawson and instructing Dawson "Cut the goddamn check right now if you want to keep working here."

21. The purchase of three vehicles from Mark McClarty Toyota at a price of $144,770.00 on a "no-bid" contract was a misappropriation of government funds.

22. Although Plaintiff did, in fact submit a written disbursement request at Anthony's direction, Anthony continued to use harsh and abusive language toward the Plaintiff, and accused the Plaintiff of being "a traitor," and told the Plaintiff "I already got somebody coming to replace you."

23. After Anthony made the illegal vehicle purchases, the Plaintiff again questioned Anthony's decision regarding placing of tenants outside the "waiting list" for CAHC's Madison Heights property development.

24. Around September 7, 2022, Anthony had hired a new employee, Sharita Williams through Anthony's prison-outreach program, and instructed the Plaintiff to "put her up on a apartment in Madison Heights."

25. When Plaintiff reminded Anthony of the waiting list protocol, Anthony again told Plaintiff, "I run this; you just do what you are told to do."

26. Pursuant to Anthony's instructions, Williams was placed in an apartment the same day, without regard to the development's waiting list.

27. Plaintiff attempted to report the violation of company protocol and applicable law to the Board of Director member Kenyon Lowe, but was told "that is something you need to work out with your boss (meaning Leta Anthony)." Lowe called Anthony on the telephone and related everything that the plaintiff had told him.

28. Shortly after Lowe's call to Anthony, Anthony informed plaintiff that she (plaintiff) would now have to work directly with and share all communications with Sherita Williams, the new employee. This was an intentional attempt to humiliate and intimidate the plaintiff.

29. In early October 2022, the plaintiff was directed by Anthony to travel to the agency's Granite Mountain development in the plaintiff's own personal vehicle to "check on vacancies."

30. Plaintiff reminded Anthony that there were company vehicles that could be used for that, and that the male employees of CAHC who were in the same position as plaintiff were allowed to the used the vehicles as their own personal vehicles. Anthony responded to plaintiff that "bitch you are skating on thin ice," and reminded plaintiff that she (Anthony) had already "spared you your job when you were running your mouth about the vehicles last year." Plaintiff was denied access to the company vehicles and credit cards in retaliation for "running [her] mouth."

31. Around October 18, 2022, plaintiff was advised by Ms. Anthony that she was being disciplined for refusing to speak to Sherita Williams when Williams was talking directly to the plaintiff. The event never occurred and was a pretext.

32. Anthony orally advised plaintiff that the plaintiff was suspended for three days without pay, but never provided plaintiff any written notification of the reasons for her suspension.

33. Anthony subsequently informed the plaintiff that the plaintiff's salary would be reduced by $20,000.00 when she returned to work.

34. Plaintiff requested a grievance hearing, pursuant to CAHC policy and procedures concerning the adverse actions that were taken toward her.

35. Plaintiff returned to work on or about October 21, 2022, and she was treated with contempt and indifference by Anthony, who refused to talk directly to plaintiff.

36. At the end of the business day, plaintiff was advised that she would be re-suspended pending a "new investigation," and plaintiff was sent back home, again.

37. Anthony terminated the plaintiff's employment with CAHC within a few days.

38. The plaintiff was advised that her position was being eliminated and she was being fired

39. Despite the fact that there were two additional regional property managers, Melvin Ousley and Lavander Williams, plaintiff, the only female, was the only person terminated.

### IV.   Sex Discrimination-42 U.S.C.S. § 1981

40. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-40 above as if set out herein, word-for-word.

41. The plaintiff was subjected to disparate treatment because of her sex, female, in that she was not allowed to supervise her subordinates, she was not allowed to utilize company vehicles during the course of her employment, and she was not allowed to utilize

company credit cards to make necessary purchases in the same manner as her male counter-parts.

42. The plaintiff was required to report to her subordinate Sherita Williams when no similar requirements were imposed on the male property managers.

43. Plaintiff was demoted and laid off for her interaction with her subordinates and for requesting access to company vehicles when male property managers were not treated in a similar manner.

44. The above acts and disparate treatment were committed against the plaintiff due to her gender, in violation of 42 U.S.C.S. §1981.

## V.   Retaliation

45. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-45 above as if set out herein, word-for-word.

46. Shortly after complaining about not having the same authority and access to company vehicles as her male counterparts the plaintiff became the target of Executive Director Leta Anthony by being accused of misconduct and "unprofessional behavior," all in an attempt to create a paper trail to justify firing the plaintiff.

47. Plaintiff was also subject to retaliation when she was called a "bitch", suspended without pay and demoted from her position as regional property manager on or about October 18, 2022.

48. Plaintiff was again subjected to retaliation when she was made the target of a "new investigation on or about October 21, 2022 and when she was fired.

## VI   Damages

49. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-50 above as if set out herein, word-for-word.

50. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her gender and in retaliation for complaining about discriminatory practices, the plaintiff has suffered economic loss by way of lost wages in an amount t be proven at trial.

51. Furthermore, due to discriminatory and retaliatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at trial.

52. The defendant has demonstrated a pattern of similar unlawful conduct in that it has retaliated against other employees of CAHC including, but not limited to Donna Thomas, Lesha Heard, Nitaya Jackson, Nadine Jarmon and Jada Johnson (All female employees); the above-mentioned unlawful practices were committed by the defendant in reckless disregard to the plaintiff's federally protected rights, making an award of punitive damages warranted.

## JURY DEMAND

53. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) of her peers.

THEREFORE, the plaintiff is seeking the following relief for the above-described employment practices:

   a. Declare the plaintiff has been subject to unlawful discriminatory practices on account of her gender;
   b. Reinstatement and back pay;

c.  Attorney's fees;

d.  The cost of prosecution of this action;

e.  And all other equitable, legal and just relief.

                          Respectfully submitted

By:     *Danny R. Williams*
       Danny R. Williams, ABN 93148
       Attorney at Law
       221 West 2nd, Suite 523
       Little Rock, AR 72203-3811
       501-413-5714

Date: February 7, 2023